IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID ANDREW RODENBACK,

    Plaintiff,

                                      Case No. 2:17-cv-714
                                      Judge Algenon L. Marbley
    v.                                 Magistrate Judge Elizabeth P. Deavers

MORGAN STANLEY,

    Defendant.

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Application to Proceed *In Forma Pauperis*. (ECF No. 1.)

The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id. at* 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.* Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id*. Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and

expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

Here, the information set forth in Plaintiff's *in forma pauperis* affidavit does not demonstrate his inability to pay. While Plaintiff represents that he has $40,000 in outstanding student loans, the affidavit also demonstrates that he has no dependents and significant valuable assets, including $14,000 in cash, savings, checking, or in another account. (ECF No. 1 at PAGEID # 3.) *Cf. Walker v. Wechsler*, No. 1:16–cv–01417–JLT (PC), 2017 WL 2535340, at *3 (E.D. Cal. June 12, 2017) (revoking *in forma pauperis* status once the court learned that the plaintiff had omitted from his application that he had $10,000, at the time he filed his application and "it is clear that Plaintiff was not impoverished when he filed this action"); *Pierre v. Miami Dade Cty. Public Sch.*, No. 14–22045–CIV, 2014 WL 5393045, at *1 (S.D. Fla. Oct. 22, 2014) (denying request to proceed *in forma pauperis* where the plaintiff's monthly income was $1,828, she had a checking account with a balance of $15,000, and her monthly expenses totaled approximately $2,000). In addition, Plaintiff's affidavit reflects that his average monthly income is $6,160 (ECF No. 1 at PAGEID # 2.), which places Plaintiff's income at more than six times the poverty level of income for a family of one. *See Annual Update of the HHS Poverty Guidelines*, 82 Fed. Reg. 8831–03, 8832 (Jan. 31, 2017) (listing the poverty line as $12,060, for a family of one); *Pramuk v. Hiestand*, No. 3:16-CV-572, 2016 WL 7407011, at *1 (N.D. Ind. Dec. 22, 2016) ("Because Pramuk's stated income is substantially more than the poverty level, she does not qualify under the *in forma pauperis* statute."); *Behmlander v. Comm'r of Soc. Sec.*, No. 12-14424, 2012 WL 5457383, at *1 (E.D. Mich. Nov. 8, 2012) (denying motion to proceed *in forma pauperis* where the Plaintiff's income was more than twice the federal poverty level).

In sum, in view of Plaintiff's monthly income of $6,160 and his assets totaling approximately $14,000, the Undersigned finds that Plaintiff has not demonstrated that, because of his poverty, he is unable to pay for the costs of this litigation and still provide for himself. It is therefore **RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **DENIED** and that he be ordered to pay the required $400 filing fee within **FOURTEEN (14) DAYS** if he intends to proceed.

Finally, if Plaintiff complies with his obligation to pay the full filing fee, the Court will conduct an initial screening of the Complaint under 28 U.S.C. § 1915(e)(2) to determine whether or not any claims are subject to dismissal as frivolous, malicious, failing to state a claim, or because the Complaint seeks monetary relief from a Defendant who is immune from such relief. The Court will then enter an appropriate order and direct service of summons and complaint on Defendants. Accordingly, the Court **ORDERS** the Clerk to **NOT** process summons or effect service of process unless and until directed to do so by the Court.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l*

*Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: August 21, 2017          /s/ *Elizabeth A. Preston Deavers*
                               ELIZABETH A. PRESTON DEAVERS
                               UNITED STATES MAGISTRATE JUDGE