IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID ANDREW RODENBACK,

      Plaintiff,

                                          Case No. 2:17-cv-714
                                          Judge Algenon L. Marbley
      v.                                          Magistrate Judge Elizabeth P. Deavers

MORGAN STANLEY,

      Defendant.

## ORDER AND REPORT AND RECOMMENDATION

On August 21, 2017, the Undersigned recommended that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) be denied and that he be ordered to pay the required $400 filing fee within fourteen days if he intended to proceed with the action. (ECF No. 2.) On August 30, 2017, Plaintiff paid the required filing fee. The Report and Recommendation (ECF No. 2) is therefore **WITHDRAWN** in light of this payment. The Clerk is **DIRECTED** to term the Motion for Leave to Proceed *Informa Pauperis* (ECF No. 1) as **MOOT**. The Clerk is **FURTHER DIRECTED** to file the Complaint. (ECF No. 1-1.) Plaintiff is **ADVISED** that he has **NINETY (90) DAYS** from the date of this Order and Report and Recommendation to effect service of process. Plaintiff is **FURTHER ADVISED** that his failure to do so will result in dismissal under Federal Rule of Civil Procedure 4(m).

However, at any time, district courts may *sua sponte* dismiss an action for lack of subject matter jurisdiction. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974); *Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *see also* Fed. R. Civ. P. 12(h)(3). "The basic statutory grants of federal

court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Here, the Undersigned cannot discern a basis for federal jurisdiction given that Plaintiff has failed to allege a claim arising under federal law, and it does not appear that diversity exists between him and Defendant. Plaintiff asserts claims for "wrongful termination," "unfair management practices," and defamation. To the extent Plaintiff intends to assert a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, –––U.S. ––––, ––––, 133 S.Ct. 2517, 2523 (2013) (citing 42 U.S.C. § 2000e–2(a)). In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the United States Supreme Court held that in the discrimination context, a *prima facie* case under M*cDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), "is an evidentiary standard, not a pleading requirement" and that "the ordinary rules for assessing the sufficiency of a complaint apply." *Id*. at 510. The Court must therefore apply the "plausibility standard in *Twombly* and *Iqbal* for assessing whether a complaint's factual allegations support its legal conclusions." *Keys v. Humana, Inc*., 684 F.3d 605, 610 (6th Cir. 2012) (citations omitted).

2

Applying the foregoing authority here, the Undersigned concludes that Plaintiff has failed to allege facts from which this Court could "draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Defendant is liable for violating Title VII.  In order to show a *prima facie* case of wrongful termination under Title VII, Plaintiff must establish that he was a member of a protected class, he was qualified for the position involved, he was terminated from employment, and he was replaced by a person outside the protected class or was treated less favorably than a similarly situated individual outside the protected class.  *Neview v. D.O.C. Optics Corp.*, 382 F. App'x 451, 459 (6th Cir. 2010).  Plaintiff, however, has not alleged that he was a member of a protected class and he offers no allegations in his Complaint upon which the Court could draw the inference that he personally had been terminated because of his membership in a protected class.  Accordingly, Plaintiff has failed to state a federal claim for wrongful termination.

Plaintiff also asserts claims of "unfair management practices" and defamation.  Plaintiff's claim of "unfair management practices" is vague and it is not apparent to the Undersigned that the Complaint in this regard contains "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1).  Moreover, Plaintiff cannot invoke this Court's diversity jurisdiction with regard to his state-law defamation claim because there does not appear to be complete diversity between Plaintiff, who is an Ohio resident, and Defendant, which Plaintiff alleges resides in Franklin County, Ohio.  (ECF No. 1-2.)

Because Plaintiff fails to assert a federal claim and his allegations fail to demonstrate diversity of citizenship between he and Defendant, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(h)(3).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: October 11, 2017                             /s/ *Elizabeth A. Preston Deavers*
                                                                            ELIZABETH A. PRESTON DEAVERS
                                                                            UNITED STATES MAGISTRATE JUDGE