IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID ANDREW RODENBECK,

    Plaintiff,

v.

MORGAN STANLEY,

    Defendant.

Case No. 2:17-cv-714

JUDGE ALGENON L. MARBLEY

Magistrate Judge Deavers

## OPINION & ORDER

This matter comes before the Court on Magistrate Judge Deavers's October 10, 2017, **Report and Recommendation** (ECF No. 3), which recommended that Plaintiff David Rodenbeck's Complaint (ECF No. 1) be dismissed because the Complaint asserted no factual basis to support this Court's subject matter jurisdiction. Upon independent review by the Court, and for the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. Accordingly, the matter is dismissed without prejudice.

As a threshold matter, Defendant Morgan Stanley argues that because Plaintiff's Objection was filed one day after the deadline for objections, the Court should strike the entire document. (ECF No. 11). The Report and Recommendation advised the parties that the failure timely to object results in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. (ECF No. 3 at 4.) Federal Rule of Civil Procedure 72(b)(2) requires that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Mr. Rodenbeck filed his objection to the Report and

Recommendation on October 25, 2017—technically one day outside of the 14 day limit imposed by the Report and Recommendation and contemplated by the Federal Rules. (ECF No. 8). However, the date by Magistrate Judge Deavers' signature—October 11—is one day *after* the Report and Recommendation was docketed. (Doc. 3 at 4). If Mr. Rodenbeck calculated the due date for his objection using the date by Magistrate Judge Deavers' signature, rather than the date the Report and Recommendation was docketed, Mr. Rodenbeck's objection would have been timely.

This Court has previously observed that "[w]hile a plaintiff's *pro se* status alone is insufficient to excuse late filing, *pro se* litigants are often afforded a special solicitude by courts, particularly in the enforcement of procedural rules." *Boyd v. United States*, 932 F. Supp. 2d 830, 840 (S.D. Ohio 2013) (citing *Tracy v. Freshwater*, 623 F.3d 90, 101–03 (2d Cir. 2010); *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008); *Adams v. Nankervis*, 902 F.2d 1578 (9th Cir. 1990); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir.1985)). Here—given the considerable potential that a *pro se* litigant may have been unable to determine accurately when the timeline for the response began—such solicitude requires an examination of the content of Mr. Rodenbeck's Objection.

Even so, the Report and Recommendation must be adopted. (ECF No. 3). The Report and Recommendation advised the parties that objections must "specifically designat[e] this Report and Recommendation, and the part in question, as well as the basis for objection." (*Id.* at 4). Mr. Rodenbeck's Objection does not make such specific designations, and it does not articulate his responses to the conclusions of law reached by the Magistrate Judge.

Specifically, the Objection does not address the conclusion reached in the Report and Recommendation that this Court must dismiss the action because it lacks subject matter

2

jurisdiction. (ECF No. 3 at 1-2). Subject matter jurisdiction defines a court's power to hear cases. *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553 (2017). Generally, federal courts are empowered to hear cases pursuant to either one of two statutes: 28 U.S.C. § 1331 or 28 U.S.C. § 1332. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) ("A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000."). Although the Objection contains a reference to a federal law—the Americans with Disabilities Act—Mr. Rodenbeck failed to allege in his Complaint any basis for this Court to assert federal question jurisdiction under § 1331. And he has never attempted to invoke diversity jurisdiction under § 1332.

Because Mr. Rodenbeck has not demonstrated that this Court has the power to hear this case, the Court is obligated to dismiss the Complaint in its entirety. *See Arbaugh*, 546 U.S. at 514.

The matter is therefore **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

                                                 *s/ Algenon L. Marbley*
                                                 **ALGENON L. MARBLEY**
                                                 **UNITED STATES DISTRICT JUDGE**

**DATED:** January 8, 2018